| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| RON CEASAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CASE NO. 1:18-CV-00479-MAC |
| | § | |
| WELLS FARGO BANK, | § | |
| | § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters. The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 25), which recommends that the court grant in part Defendant Wells Fargo Bank's ("Wells Fargo") Motion to Dismiss (Doc. No. 19). Wells Fargo filed timely objections to the report (Doc. No. 27). *Pro se* Plaintiff Ron Ceasar ("Ceasar") filed Limited Objections to the Report and Recommendation (Doc. No. 28).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

## I. Wells Fargo's Objections: § 1981 and ECOA Claims

### A. § 1981 Claim

Wells Fargo objects to the report's finding that Ceasar "alleged a plausible violation of § 1981." Doc. No. 25, p. 5; Doc. No. 27, p. 3. First, Wells Fargo alleges that Ceasar's complaint fails to state a viable claim under § 1981. Doc. No. 27, p. 3. Specifically in its objections, Wells Fargo argues for the first time that Ceasar failed to establish the second element of a viable § 1981 claim—"that the defendant **had the intent** to discriminate on the basis of race." *Hampton v. Dillard Dep't Stores, Inc.,* 247 F.3d 1091, 1102 (10th Cir. 2012) (emphasis added).[1] Wells Fargo asserts that Ceasar's complaint is devoid of any allegation that Wells Fargo's overdraft charges or loan denials were intended to discriminate against Ceasar on the basis of his race. Doc. No. 27, p. 4. However, Ceasar alleged that when he asked Wells Fargo to refund the $35 overdraft fee, Wells Fargo employees allegedly stated, "we ain't refunding [expletive] nigg*" because "it is our policy." Doc. No. 1, p. 2. Racial epithets, such as these, demonstrate racial animus, and Ceasar alleges that Wells Fargo refused to honor the insufficient funds waiver due to his race. Doc. No. 1, p. 2. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 289 n.2 (5th Cir. 2004). Because the court must accept the facts alleged in the complaint as true, Ceasar has alleged a plausible violation of § 1981. *In re Katrina Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Wells Fargo also claims that the magistrate judge erred by "constru[ing] the Complaint and post-complaint briefing too liberally." Doc. No. 27, p. 3. Wells Fargo states that even *pro se*

---

[1] In its Motion to Dismiss, Wells Fargo originally argued that Ceasar's § 1981 claim should be dismissed because he was never employed by Wells Fargo. Doc. No. 19, p. 3. The magistrate judge held that § 1981 claims are not necessarily restricted to the employment context. Doc. No. 25, p. 5, n.2. Wells Fargo appears to have abandoned this argument.

complaints are insufficient when they contain "only labels and conclusions, or a formulistic recitation of the elements of a cause of action." *Ganheart v. Brown*, 2017 U.S. Dist. LEXIS 146416 at *2 (E.D. La. 2017) (*citing Whitley v. Hanna*, 726 F.3d 631, 638 (5th. Cir. 2013)). However, Ceasar did not simply make a conclusion or recite the elements of a § 1981 claim. As discussed, he alleged an incident of racial animosity with a Wells Fargo employee during a discussion regarding overdraft charges. Doc. No. 1, p. 2. Although more detail would be preferable, because allegations in a complaint must be accepted as true, Ceasar has alleged a plausible violation of § 1981. *In re Katrina Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. ECOA Claim

Wells Fargo claims that Cesar failed to establish the third element necessary for an ECOA claim–that Wells Fargo discriminated against Ceasar on the basis of his membership in a protected class. Doc. No. 27, p. 5-6. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705 (5th Cir. 2017), *cert. denied sub nom. Alexander v. AmeriPro Fundings, Inc.*, 138 S. Ct. 421, 199 L. Ed. 2d 311 (2017). In his initial complaint, Ceasar alleges that Wells Fargo denied him a personal loan several times. Doc. No. 1, p. 2. In response to Wells Fargo's motion to dismiss, Ceasar argues that Wells Fargo denied him loans based upon his age (66 years old) and race because he applied for loans on more than one occasion, was qualified for the loans, but denied credit despite his qualifications. Doc. No. 21, p. 6. Therefore, Ceasar alleges that he was "treated differently" than others in Wells Fargo's lending practices. *Id.* Based upon these allegations, which are construed as true, the court finds that Ceasar has sufficiently alleged an ECOA claim. *In re Katrina Beaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

## II.   Ceasar's Objections

Ceasar requests a "default judgment due to failure to answer within 21 days of service or the prescription allowed by law, which has now, long surpassed." Doc. No 28, p. 3. Although unclear, to the extent that Ceasar alleges that Wells Fargo's answer to Ceasar's complaint is untimely, that allegation is inaccurate. Wells Fargo was not properly served until May 31, 2019, and filed its motion to dismiss on June 14, 2019, which this court now considers. Doc. No. 18, 19. *See* FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer: within twenty-one days after being served with the summons and complaint."). To the extent that Ceasar argues that Wells Fargo's objections are untimely, this is also without merit as Wells Fargo filed its objections within fourteen days after the report and recommendation. *See* Doc. No. 25, 27. Therefore, neither Wells Fargo's answer nor objections to the report and recommendation were untimely.

It also appears that Ceasar objects to the magistrate judge's recommendation to dismiss Wells Fargo's "President/CEO." Doc. No. 28, p. 4. The magistrate judge made this recommendation because there is no record of service and because Ceasar did not allege any causes of action or factual allegations against Wells Fargo's President/CEO. Doc. No. 25, p. 9. Ceasar's objections do not call into question the magistrate judge's conclusions.

Other statements by Ceasar (Doc. No. 28) do not specifically identify objections to the magistrate judge's report, and are therefore not considered by the court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)("Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court.").

### III. Order

Pursuant to Wells Fargo and Ceasar's objections, the court has conducted a *de novo* review of the magistrate judge's report and recommendation based on the relevant pleadings, motions, and responses. *See* FED. R. CIV. P. 72(b)(3). After careful consideration, the court concludes that the magistrate judge correctly determined that Wells Fargo's motion to dismiss should be granted in part.

It is **ORDERED** that the magistrate judge's report and recommendation (Doc. No. 25) is **ADOPTED**; Wells Fargo's "Motion to Dismiss" (Doc. No. 19) is **GRANTED IN PART.** Ceasar's § 1983 and Title VII claims are **DISMISSED WITH PREJUDICE**. Wells Fargo's motion to dismiss Ceasar's § 1981 and ECOA claims are **DENIED**. Furthermore, because there is no record of service, factual allegations, or causes of action against Wells Fargo's "President/CEO," all claims against this defendant are also **DISMISSED WITH PREJUDICE**.

SIGNED at Beaumont, Texas, this 31st day of January, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE